UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

SHAWNA HARRINGTON,

                              Plaintiff,

   -against-                                            09-CV–1322

JOHN E. POTTER, Postmaster General, U.S.
Postal Service

                              Defendant.
_____

**THOMAS J. McAVOY,**
**Senior United States District Judge**

## DECISION & ORDER

### I.    INTRODUCTION

Plaintiff Shawna Harrington commenced this action asserting claims of workplace sexual harassment pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C.A. § 2000e *et seq.* ("Title VII"),  § 296 of the Executive Law of the State of New York ("§ 296"), and 42 U.S.C. § 1983 ("§ 1983").  Defendant moves to dismiss the action pursuant to Fed. R. Civ. P. 12(b)(1) and (6).  Plaintiff opposes the motion.  For the reasons that follow, the motion is granted in part and denied in part.

### II.    OVERVIEW

Defendant argues that Plaintiff's Complaint fails to state a claim upon which relief can be granted under Title VII because Plaintiff was not an employee of the United States

but, rather, was an independent contractor. Furthermore, Defendant argues that, assuming Plaintiff was an employee, her Title VII claim is time barred because she did not request counseling within 45 days of the last date of the purported harassment as required by 29 C.F.R. § 1614.105(a)(1). Defendant also argues that Title VII is the exclusive remedy for employment discrimination by the federal government, and, therefore, the Court lacks subject matter jurisdiction over the § 296 and § 1983 claims. Lastly, Defendant argues that Plaintiff fails to state a claim upon which relief can be granted under § 1983 because the United States does not act under color of state law.

Plaintiff "concurs with the dismissal of the § 1983 claim due to the absence of a 'state actor,'" Plf. Mem. L. p. 3, but argues that she was an employee of the United States Postal Service such that she has viable employment discrimination claims under Title VII and § 296. She further argues that she is entitled to equitable tolling on her Title VII claim.

### III.  DISCUSSION

#### a.  § 1983 Claim - Color of State Law

Based on Plaintiff's concession that she has no viable § 1983 claim because there is no state action, the § 1983 claim is dismissed. See Dunn v. Secretary of U.S., 2006 WL 1510097, at *9 (N.D.N.Y. May 26, 2006)("Plaintiff fails to state a claim under 42 U.S.C. § 1983 because neither the United States nor its employees act under the color of state law.").

#### b.  Preclusion of § 1983 and § 296 Claims

The § 1983 and the § 296 claims must also be dismissed because Title VII is the exclusive remedy for sexual harassment employment discrimination claims in federal

2

employment. See Brown v. Gen. Servs. Admin., 425 U.S. 820, 835, 96 S. Ct. 1961, 48 L. Ed.2d 402 (1976) (holding Title VII to be the "exclusive judicial remedy for claims of discrimination in federal employment"); Luckett v. Bure, 290 F.3d 493, 497 ("Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq*., is the exclusive remedy for discrimination by the federal government on the basis of race, religion, sex or national origin."); Rivera v. Heyman, 157 F.3d 101, 104-05 (2d Cir. 1998) (Employee's claims under Human Rights Laws of State and City of New York barred because Title VII provided the sole remedy for federal employees asserting employment discrimination claims).[1] Accordingly, the § 1983 and the § 296 claims are dismissed for this reason.

### c.    Title VII Claim

Turning to the Title VII claim, the threshold question is whether Plaintiff was an employee of the United States Postal Service within the meaning of Title VII. Title VII defines an employee as "an individual employed by an employer." 42 U.S.C. § 2000e(f).

> In applying this somewhat "circular" definition, we use a two-part test. First, the plaintiff must show she was hired by the putative employer. To prove that she was hired, she must establish that she received remuneration in some form for her work. This remuneration need not be a salary, but must consist of "substantial benefits not merely incidental to the activity performed."

United States v. City of New York, 359 F.3d 83, 91-92 (2d Cir. 2004)(internal citations omitted).

---

[1] To the extent Plaintiff intended to plead an employment discrimination claim pursuant to Bivens v. Six Unknown Agents of the Fed. Bureau of Narcotics, 403 U.S. 388, 91 S. Ct. 1999, 29 L. Ed.2d 619 (1971), the claim would likewise be dismissed because Title VII is the exclusive remedy for sexual harassment employment discrimination claims by the federal government. Rissman v. Chertoff, 2008 WL 5191394, at *4, n. 1 (S.D.N.Y. Dec. 12, 2008)("To the extent plaintiff's Bivens claim concerns employment discrimination (including hostile work environment) at TSA, Title VII and the ADEA are his exclusive remedies and no Bivens cause of action may lie.").

3

Because Defendant frames this issue under a Rule 12(b)(6) motion, the Court looks to the Complaint to determine whether the allegations support the first part of this test. See <u>Ruotolo v. City of New York</u>, 514 F.3d 184, 188 (2d Cir. 2008)("To survive a motion to dismiss, a complaint must plead 'enough facts to state a claim for relief that is plausible on its face.'")(quoting <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 570, 127 S. Ct. 1955 (2007)). The Complaint alleges that:

> Harrington was employed by the USPS for the period of time November 19, 2007 to April 15, 2008. Harrington worked at the Spencer, New York Post Office as a cleaner working approximately seventeen hours per week.
>
> Alternatively, Harrington was a contract worker who worked under the exclusive control and management of USPS such that she should be considered an employee of USPS.

Compl. ¶¶ 10-11.

These allegations are sufficient to support the reasonable inference that Plaintiff received remuneration in some form for her work at the Spencer, New York Post Office. See <u>Turkmen v. Ashcroft</u>, 589 F.3d 542, 546 (2d Cir. 2009)("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.")(quoting <u>Ashcroft v. Iqbal</u>, 129 S. Ct. 1937, 1949 (2009)).[2]

> Once plaintiff furnishes proof that her putative employer remunerated her for services she performed, we look to "the thirteen factors articulated by the Supreme Court in <u>Community for Creative Non-Violence v. Reid</u>, 490 U.S. 730, 109 S. Ct. 2166, 104 L. Ed.2d 811 (1989)" to determine whether an

---

[2] If the Court considered this motion under Rule 12(b)(1) (which allows the Court to look at documents beyond the Complaint to determine if it has subject matter jurisdiction, see <u>Makarova v. United States</u>, 201 F.3d 110, 113 (2d Cir. 2000)), there is sufficient evidence that Plaintiff received remuneration for her work at the Spencer Post Office. See Harrington Dep. pp. 5-6 (Plaintiff was hired pursuant to a written agreement to perform cleaning services 19 hours a week at the Spencer, New York Post Office); Harrington Aff., ¶¶ 3-4, 6 [12] (Plaintiff was paid on an hourly basis but received no other employee benefits).

4

> employment relationship exists. Eisenberg v. Advance Relocation and Storage, Inc., 237 F.3d 111, 113-14 (2d Cir.2000).  These factors, which derive from the federal common law of agency, are
>
>> the hiring party's right to control the manner and means by which the product is accomplished[;] the skill required; the sources of the instrumentalities and tools; the location of the work; the duration of the relationship between the parties; whether the hiring party has the right to assign additional projects to the hired party; the extent of the hired party's discretion over when and how long to work; the method of payment; the hired party's role in hiring and paying assistants; whether the work is part of the regular business of the hiring party; whether the hiring party is in business; the provision of employee benefits; and the tax treatment of the hired party.
>
> Reid, 490 U.S. at 751-52, 109 S. Ct. 2166 (footnotes omitted). We place the greatest emphasis on "the extent to which the hiring party controls the manner and means by which the worker completes his or her assigned tasks." Eisenberg, 237 F.3d at 114 (internal quotation marks omitted).

United States v. City of New York, 359 F.3d at 92.

Although the balancing of the Reid factors and the ultimate determination of whether a worker is an employee or an independent contractor is a question of law, the determination of whether each Reid factor is present or absent in a particular case is a question of fact.  Williams v. CF Medical Inc., 2009 WL 577760, at * 4 (N.D.N.Y.  March 4, 2009)(citing Eisenberg, 237 F.3d at 115).  This factual determination cannot be made on the instant motion because it requires review of evidence beyond the allegations in the Complaint. See Medtech Prods. v. Ranir, LLC, 596 F. Supp.2d 778, 802 (S.D.N.Y. 2008)(Review on a Rule 12(b)(6) motion is "limited to the facts asserted within the four corners of the complaint, the documents attached to the complaint as exhibits, and any documents incorporated in the complaint by reference.")(citing McCarthy v. Dun & Bradstreet Corp., 482 F.3d 184, 190 (2d Cir. 2007)).  Likewise, resolution of Plaintiff's equitable tolling defense requires resort to evidence beyond the allegations in the

Complaint.

Accordingly, the instant motion is denied with regard to the Title VII claim. Because the determination of whether Plaintiff was an employee or an independent contractor, and whether Plaintiff timely exhausted her administrative remedies, are potentially dispositive of the sole remaining claim in this case, the Court directs the parties to first conduct discovery on these issues. Following this initial discovery, Defendant may move pursuant to Fed. R. Civ. P. 56 to dismiss the action on these grounds. If the motion is denied, the parties may then complete discovery on other relevant issues and either party may thereafter move for summary judgment.

## IV.  CONCLUSION

For the reasons discussed above, Defendant's motion to dismiss the Complaint [dkt. # 10] is **GRANTED IN PART AND DENIED IN PART.** The motion is granted as to the claims brought pursuant to § 296 of the Executive Law of the State of New York and 42 U.S.C. § 1983, and these claims are **DISMISSED.** The motion is denied as to the claim brought pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C.A. § 2000e *et seq.* The parties are directed to conduct discovery in accordance with this Decision and Order.

**IT IS SO ORDERED**

DATED: May 28, 2010

*Thomas J. McAvoy*
Thomas J. McAvoy
Senior, U.S. District Judge