UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

SHAWNA HARRINGTON,

                        Plaintiff,

  -against-                                                09-CV–1322

JOHN E. POTTER, Postmaster General, U.S.
Postal Service,

                        Defendant.
_____

**THOMAS J. McAVOY,**
**Senior United States District Judge**

## DECISION & ORDER

**I.    INTRODUCTION**

Plaintiff Shawna Harrington commenced this action asserting claims of workplace sexual harassment pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C.A. § 2000e *et seq.* ("Title VII"), § 296 of the Executive Law of the State of New York ("§ 296"), and 42 U.S.C. § 1983 ("§ 1983"). On Defendant's motion brought pursuant to Fed. R. Civ. P. 12(b)(1) and (6), the Court dismissed the claims brought pursuant to § 296 and § 1983. See 5/28/10 Dec. & Ord., dkt. # 18. The Court denied the motion as to the Tittle VII claim because it could not be determined whether, *inter alia*, Plaintiff was an employee or an independent contractor for defendant. Id. Now that discovery has been conducted on this issue, Defendant moves for summary judgment dismissing the Title VII

1

claim. Dkt. # 23. In response to the motion, Plaintiff's counsel writes: "Given the documentation establishing [Plaintiff] to be an independent contractor, my client . . . does not oppose the motion for summary judgment." Dkt. # 32.

## II.  DISCUSSION

"Title VII, by its terms, applies only to 'employees.'" Salamon v. Our Lady of Victory Hosp., 514 F.3d 217, 226 (2d. Cir. 2008)(citing 42 U.S.C. § 2000e(f)). "Once a plaintiff is found to be an independent contractor and not an employee ... [,] the Title VII claim must fail." Id.

Defendant has supplied uncontradicted evidence in support of the motion, see Def. L. R. 7.1(a)(3) Stat. Mat. Facts, dkt. # 23-2, that establishes under the factors articulated by the Supreme Court in Community for Creative Non-Violence v. Reid, 490 U.S. 730, 109 S. Ct. 2166, 104 L. Ed.2d 811 (1989) and by the Second Circuit in Eisenberg v. Advance Relocation & Storage, Inc., 237 F.3d 111, 113-114 (2d Cir. 2000), that Plaintiff was an independent contract cleaner for the United States Postal Service. As indicated above, Plaintiff concedes this point.

Accordingly, because Plaintiff was not an employee within the meaning of Title VII, see 42 U.S.C. § 2000e(f); United States v. City of New York, 359 F.3d 83, 91-92 (2d Cir. 2004), she may not avail herself of the protections afforded by Title VII. See Salamon, 514 F.3d at 226.

## III.  CONCLUSION

For the reasons discussed above, Defendant's motion for summary judgment [dkt. # 23] is **GRANTED** and the action is **DISMISSED**.

**IT IS SO ORDERED**

DATED: February 18, 2011

*Thomas J. McAvoy*
Thomas J. McAvoy
Senior, U.S. District Judge